Thank you very much, your honors. May it please the court, Kenneth Carpenter appearing on behalf of Mr. Philip Wagner. In this case, the court below refused to, in the terms of its holding, reward the appellant for his efforts in defense of his earlier application for attorney fees and We believe that that holding relies upon a clear misinterpretation of that statute. The statute requires that the appellant be, or the prevailing party, be provided reasonable fees for all parts of the civil litigation. The defense of his eejit application is a part of that process. This court has held in Fritz that the defense, or excuse me, the inquiry into a fee agreement under the court's authority under 7266 comes within the civil action parameters of a consideration of eejit, or entitlement to eejit, before the reviewing court. I'm sorry, go ahead. Well, I was going to say the same hold true here when we're dealing with the defense of the reasonableness of a fee. The government did not contest prevailing party. The government did not assert that it was substantially justified. The government simply attacked the reasonableness of the fee sought, and Judge Lance reduced the fees by approximately 26 percent and affirmed or awarded fees in the amount of approximately 76 percent. Therefore, Mr. Wagner should have been entitled to the reasonable expenditure of attorney fees and time. The attorney that submitted that fee application proactively determined that there should be a proportional reduction and essentially asked for a fee for approximately half of the time which was actually spent in the defense of the eejit application. What do you think is the right way to approach calculation of the fee on fee in a A, a portion of the fee application that's uncontested, and then B, a portion that's contested, some of which is cut back? Should the, in thinking about the arithmetic here, should you have a fee on fee that is calibrated according to the entire amount that was requested minus the amount that was granted or focusing only on the amount that was contested, take the fee on fee based on the reduction in the, in that smaller amount? You understand the question? Yes, I do. And I would suggest that it is through the lens of the Fritz decision that it is part of the civil action. And therefore, as part of that civil action, regardless of how the reviewing court decides the appropriateness of the original application, there are some portions of that that were required to be defended as a result of the government's objection. Yeah. Now, suppose that in the fee application that the government did not contest 75 percent of it and contested 25 percent of it, and the government is entirely successful with respect to the 25 percent of the challenges. Under those circumstances, why should there be a fee for the fee litigation? If the government were to have conceded that 75 percent number, then I think in your hypothetical, Your Honor, that that would probably be correct because there would have been no fee awarded. Well, maybe not. I'm sorry. As I got finished with that sentence, I just realized that that is to defend the application. And I'm not really sure in the Solomonist notion of dividing the baby that we can really subdivide the defense. Suppose you don't really know whether the government's going to oppose the application until you've put in the work to prepare the application, right? In other words, you have to assemble all the hours, and you have to put the justification, and you have to send it to the government, and that's a considerable expense. Then the government says, you're right as to 75 percent. We oppose as to 25 percent. And even if you say, okay, and you fold your 10 at that point, you would argue, I would assume, that you're entitled to some fee on fee based on the fact that you had to go through the work of preparing the application. Well, not only preparing the application, preparing a response to the government's assertion. The mere fact that the government asserts it is not necessarily The response to the government's assertion is, yeah, you're right, and we withdraw the extra 25 percent. You would still say, I would assume, that you're entitled to something for the time you put in preparing the application. For preparing the application, no question, your honor. But if it ends up in a... Is that part of what's being claimed here? I don't believe so, your honor. Well, that's a problem. I agree. Because what we're looking at is precisely the circumstance that you're suggesting without quite the precision of a concession. But the fact is, is that Mr. Wagner was required to respond to the challenge to the fee application. So what he's claiming here is the cost of responding to the government. Absolutely. And that's all he's claiming. Yes. And he's not claiming any fees in defense of that portion of his fee application, which was reduced by the court. He acknowledges that in that portion, he should not necessarily, he should not be entitled to a fee. And he's not claiming the cost of preparing the fee application. No, he's not. Well, he did in his original application. But the fee on fee application, it gets confusing because there are two applications. That would be... There's the original fee application, then there's the fee on fee application. Well, I'm not sure there's a fee on fee application. Well, there is a preparation of an application for that fee. And in fact, if you'll notice in the appendix, he didn't charge at all for that. For the second. No, he said, you know, in what the exercise of judgment, billing judgment, I'm not going to bill for that. But there was time that was spent in responding to the government's contest. And that he does bill. And I believe the statute requires it under its plain term. And that was the portion as to which he got, what was it, about 30 percent? No, he got nothing. I'm sorry, the portion of... I mean, the government said, with respect to the original fee application, the government opposed a chunk of that. And the court awarded about 30 percent of the opposed chunk. Am I right about that, roughly? Well, it was my understanding... It was a portion, less than half, I think. Well, it was my understanding from reading the record that the entire application prevailed at approximately 70 percent. Right. And 30 percent of the original application was reduced. Okay. But my understanding was that there is, was a chunk of the original application that was not opposed. There was another chunk that was opposed. And of that second chunk, he got some but less than half of the amount that was in dispute. You got 32 percent of the amount in dispute, I think. I believe that's correct. Okay. I mean, I believe that's a correct characterization. All right. All right. And he, and in his... Well, go ahead. I'm with you. I hear you. Well, honestly, your honors, I believe that that's the substance of the argument in the case. I don't believe that there's anything else that I can add in any comments further. Unless there are any questions, I'll reserve the balance of my time for rebuttal. Very well. Thank you, Mr. Rabinowitz. Thank you, your honor. May it please the court. This court should dismiss Appellant's claim because the Veterans Court applied the correct legal standard in denying Appellant his EJF fees on fees request. And all Appellant... That sort of seems like a difficult argument that they applied the correct legal standard. I mean, the gene in our cases, you're entitled to fees for fees. And the court sort of said, well, because the amount you're claiming in fees now is more than the amount that the original fee application was reduced by, you don't get anything. That can't be correct, can it? Well, what the court actually did, if we look at the underlying EJF application, and specifically, if you look at the challenged amount and what the court found with regard to those challenged amounts, the court found that Appellant's position was unreasonable. So now, in then discussing... But the question is, why did it say it was unreasonable? It's not reasonable because it exceeded the amount that was lopped off the original request. That's got to be wrong, right? So I'm actually backing up, your honor. In other words, if we go back to the original EJF decision, which is the decision that he wants his fees for fees on, the court, in that case, held that each of the challenged amounts by the secretary, that Appellant's amounts were unreasonable. Well, that's always what a court will say when a court is reducing a fee application from X amount to X minus N. But that happens in many, many fee application cases. You're not saying that a fee applicant in cases in which there's any reduction should get no award on fees on fees, right? No, that would obviously be a very extreme position, and that is not what we're advancing here. So what exactly is the situation in which there should be no fee on fee award? Instead, if it appears here that what has occurred, because the main of what was challenged was held to be unreasonable, therefore the court, in deciding the EJF fees on fees, refused to award reasonable fees for what in the main was unreasonable. Because, again, the secretary only challenged... So if there's a challenged amount, let's suppose there's a $10,000 fee application, the secretary challenges $2,000, and the court grants $900 of the $2,000 that was challenged, then there should be no fee on fee award? I think what the court would have to do in that case is look at the underlying litigation, give rise to the fees on fees, and make a determination as to whether or not, on the whole, whether or not that position was reasonable or unreasonable. Just taking the numbers in the abstract, it's difficult to come up with any single answer, and I would presume that it would seriously constrain the reviewing court to say that it was $900. Maybe, for example, in your honor's hypothetical, so out of $10,000, $2,000 is challenged. Now, the award of $900, though, was because of the $2,000, the secretary's position was completely... In other words, the arguments, the court completely rejects, and what instead, it was reduced to the $900 amount, because $1,100 really related to clerical tasks, as opposed to something that was uncollectible, for example, under EJIP. So in that particular case, yes, the appellant should, in that case, fees for fees should be awarded, because the underlying litigation was reasonable, but that is not what has occurred here. Instead, of the challenged amounts, the court held that that appellant wasn't entitled to those, because it was unreasonable, and it said so with regard to the majority. It wasn't entitled to all of them. It was entitled to some of them, which was because it was reasonable. Well, 30% is... 30%, but again, there were actually three categories. Baseball, 30% is very good. Yes, the 300 average is excellent. So what... But if you look at it, so there were three categories of fees that were challenged by the secretary, one of which the secretary was completely successful, and the 8.8 hours was denied in its entirety. Of the 14 hours, that was reduced to six hours. Again, it's a 60% reduction, and then with regard to the final three hours, it was reduced by half. So if you look at that, and presumably the court, when it reviewed the fee for fee application, in looking closely at what had been awarded and what appellant had been successful or, more specifically, unsuccessful on, the court made the determination that on the main, it was unreasonable. Now, how one breaks that out in other cases... Unreasonable because of what? It was unreasonable with regard to which of the fees? It was... Your argument, I take it, is it was unreasonably large request. Yes. Yes. So you can deny fees for fees entirely if the original fee application was unreasonably large? No. I wouldn't think so. And again, this isn't asserting a per se rule, and the court never asserted a per se rule that if there's a certain percentage reduction, then each of fees for fees aren't awarded. Instead, what the court apparently did was it looked at the challenged amounts, and of those challenged amounts, because the majority of the challenged amounts appellant was unsuccessful on, therefore the court held it wasn't going to throw good money after bad. Because that litigation, in other words, the underlying litigation, was held to be... Wait a second. Suppose there are three contested amounts, let's label them A, B, and C, and the government succeeds as to A and B, but it's unsuccessful as to C. Why shouldn't the applicant, why shouldn't the veteran get some compensation for successfully litigating the C category? I think in that instance that the applicant would be entitled to, because again, with regard to that portion, they were successful, and that litigation, it's reasonable for them to be awarded attorney's fees. But looking at what occurred below here, that isn't what occurred. Instead, what the court found was that the appellant's litigation position, that they were wrong. That appellant was wrong in requesting those additional fees. But the court would have found the appellant was wrong on both A and B in Judge Dyke's hypothetical. Yes. I'm not sure I'm understanding the distinction between Judge Dyke's hypothetical and this case where the court found that the appellant had charged too much time for particular activities, but nonetheless seems to have found that those activities, or at least some of them, were legitimate activities for which fees were properly allocated. But in our case, what the court has found is that the majority of what had been claimed for A, B, and C, if we use the same, was unreasonable. Well, if that's the same as in Judge Dyke's hypothetical. Well, in Judge Dyke's hypothetical, C was completely reasonable. So that is, in other words, the distinction is... So if A, B, and C are three days of working on a motion, and the court says you should have done the motion in one day, you don't get fees, but if they were three different motions, and the court said two of those motions were unnecessary, then you do get fees? Is that your position? No, not at all, Your Honor. And this is... I'm having a hard time finding out, figuring out why my question wasn't a fair statement of the relation between your position, as I understood it, and Judge Dyke's hypothetical. Because I think that this confusion actually supports the notion that there has to be some discretion in each of... for the court to look at the underlying litigation, and to look at the success rate, as the Supreme Court has said, and then to take it all and decide how much was challenged, what exactly was done here, and what was reasonable and what was unreasonable. And in so doing, the court should have the discretion to say if, in their opinion, this was an unreasonable, just looking at the challenged amount, that would be sufficient to deny all aegis fees. Obviously, there are closer cases where if, for example, in Judge Dyke's hypothetical, if A was only worth $100, and B was worth $100, but the C portion was worth $10,000, then being successful on C is a lot more important than being successful on A or B. So having that discretion and being able to look at the underlying case, which the Veterans Court did in this instance, and making the determination that this, in looking at what the court held with regard to the underlying aegis application, and with regard to the underlying aegis litigation, that that was unreasonable. And it is going to be difficult to offer any sort of per se rule, A, B, C, one out of three, or any sort of percentage, because one could easily envision a scenario, for example, where the majority of time, the majority of aegis time was spent on A in Judge Dyke's hypothetical. So if the majority of aegis time was spent on A, then if you're not successful on A, it seems absurd to then say that I can collect all the money that if the aegis fees that we're discussing, to use a hypothetical, are $10,000 in total, of which $7,000 goes to A, and then $2,000 goes to B, and then $1,000 worth of time goes to C. So because you're successful on C, that shouldn't entitle you to the $7,000 spent on A. They're not claiming that. They're not asking for the amount spent on unsuccessful efforts. Well, first of all, it's important to note that the amount that's been reduced here is not the amount of the challenged amount. In other words, instead, the proportion that's- Yeah, I understand. You could make an argument that it's the wrong focus. Yes. That it should be on the challenged amount, and if they were only successful on 32% of that, therefore, they should only get 32% of the fee, as opposed to second. I understand that. Yes. The question is, do they get nothing? Do they get nothing? So this is obviously an extreme example where the court has held that they're entitled to nothing, but the rationale and the legal standard that was applied was the correct one. And then making the- Do you have any authority in... I mean, fee applications are found. Everywhere. They're universal. Yes. And other circuits have many of these cases, in many of which, as far as I could ascertain, the approach is that if you're partially successful, then you get a partial fee on fee. That's fairly typical. Do you have any case in which there's been an altogether denial of the fees on fees award in a situation where the underlying fee application was partially successful? I have found none, Your Honor. Neither did I. But at the same time, the rule that the court applied, and I realize that awarding nothing is an extreme case, but at the same time, what the court did, what all the court was doing, was looking at what had occurred below and made the determination that on the whole, in this particular case, and the Veterans Court in reviewing fee applications has, in certain instances, in partial success, has awarded proportional fees. But in this case, it was an extreme- Well, doesn't Gene really say that that's what should happen in footnote 10? Isn't it pretty clear where it says fee for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation? Seems to suggest that to the extent that the applicant does prevail, they get fees, right? To a degree. Although the example that's offered in Gene is also somewhat interesting in that it says that the government's challenge to a requested rate for a paralegal time resulted in the courts recalculating and reducing the award for paralegal time from the requested amount, then the applicant should not receive fees for the time spent defending the higher rate. So that presumably means that you can't, even if the rate is just a reduction, there may be instances where the defendant should not receive fees for the time spent defending that rate because that reduction is so significant. So if, for example, the reduction would be 99%, so there should be, maybe, in other words, what the court did here was it said it was such a significant reduction, it was so significant that this was so unreasonable, that therefore there's a denial of fee. I mean, while it isn't de minimis, it's a 30, ultimately there was a 30%, but the court held that that was insufficient to rise to the level that now, that there'd be reasonable fees. Now, you spent, your brief was directed to the fact that your position was that we have no jurisdiction over this case. Are you, in response to the arguments this morning, are you standing on that position? As well, that there... Do we have the ability to review this? Well, to the extent that the court is going to review whether or not, in fact, this was reasonable or unreasonable, that is the application of law to fact, then there would be no jurisdiction. Obviously, to the extent that it's just the interpretation of the Aegis statute, this court then, of course, has jurisdiction. And depending on the court's view of that, that is where the divide is between whether or not there would or would not be jurisdiction here. So, to the extent that Appellant is seeking to re-litigate whether or not he was reasonable or unreasonable, which is the application of law to fact, so then, indeed, there would be no jurisdiction. To the extent that the court would find, and we don't, and our position is, is that this is not the case, that there was a reinterpretation of the statute, so then this court, of course, would have jurisdiction in that scenario. No further questions? Thank you, Mr. Benowitz. Mr. Carpenter, if you have any rebuttal? Briefly, Your Honor. The position of the government in defense of the decision below essentially seeks to do precisely what Gene asked that we not do, and that's create a second litigation. If you adopt the position, the interpretation that was relied upon by the Veterans Court, then the government is encouraged to attack each application so that they can get a single finding of unreasonableness on any portion of that application. If they do, then under this rule and this interpretation, fees on fees are negated. That's simply not a correct interpretation of either the statute or the Supreme Court's decision in Gene. Thank you, Your Honor. Thank you, Mr. Carpenter. Mr. Benowitz.